1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| PETER HARRIS, an individual, | Case No. |
| Plaintiff, | **COMPLAINT** |
| vs | |
| CITY OF CENTRALIA, a washington municipal corporation; JOHN DORFF and JANE DOE DORFF, a married couple PHILLIP J. REYNOLDS and JANE DOE REYNOLDS, a married couple; and AARON MILLER and JANE DOE MILLER, a married couple, | |
| Defendants. | |

COMES NOW, Plaintiff, PETER HARRIS, by and through his attorney, SHANE M. O'ROURKE, of BUZZARD O'ROURKE, P.S., and for cause of action against the Defendants alleges as follows:

## I.   PARTIES

1.1. Plaintiff, PETER HARRIS, (hereinafter "Plaintiff") is a resident of Lewis County, Washington, and has been so at all relevant times in this matter.

1.2. Defendant, CITY OF CENTRALIA, (hereinafter "CENTRALIA") is a Washington Municipal Corporation and a political subdivision of the State of Washington. The City of Centralia is located in Lewis County, Washington. The City of Centralia is vicariously liable

Complaint
Page | 1



Buzzard O'Rourke, P.S.
a t t o r n e y s   a t   l a w

Service Address
314 Harrison Avenue
Centralia
Washington
98531

Mailing Address
PO Box 59
Centralia
Washington
98531

Contact Information
Ph: (360) 736-1108
Fax: (360) 330-2078
buzzardlaw.com

for all of its employees' acts and ommissions, including but not limited to the acts and omissions of Centralia Police Department officers.

1.3. Defendant, PHILLIP REYNOLDS, (hereinafter "Reynolds") unless indicated otherwise, was at all times described, an employee of the City of Centralia Police Department, employed as a sworn peace officer acting in the course and scope of that employment. Defendant Reynolds is sued in both his personal and official capacities, including his marital community and JANE DOE REYNOLDS.

1.4. Defendant, JOHN DORFF, (hereinafter "Dorff") unless indicated otherwise, was at all times described, an employee of the City of Centralia Police Department, employed as a sworn peace officer acting in the course and scope of that employment. Defendant Dorff is sued in both his personal and official capacities, including his marital community and JANE DOE DORFF.

1.5. Defendant, AARON MILLER, (hereinafter "Miller") unless indicated otherwise, was at all times described, an employee of the City of Centralia Police Department, employed as a sworn peace officer acting in the course and scope of that employment. Defendant Miller is sued in both his personal and official capacities, including his marital community and JANE DOE MILLER.

## II.    NOTICE OF CLAIM FILING

2.1. Plaintiff filed his notice of claim with the City of Centralia, on June 6, 2021. More than 60 days have elapsed since this claim was filed before the filing of Plaintiff's complaint against Defendant Centralia in the above-entitled court. The filing of this claim properly satisfied the notice and other procedural requirements of Chapter 4.96 RCW.

## III.    JURISDICTION AND VENUE

3.1. The United States Federal District Court, Western District of Washington, has jurisdiction over this action pursuant to 28 U.S.C. § 1343( a)(3) and 28 U.S.C. § 1331. This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C.A. § 1367.



Buzzard O'Rourke, P.S.
a t t o r n e y s   a t   l a w

| Service Address | Mailing Address | Contact Information |
|---|---|---|
| 314 Harrison Avenue | PO Box 59 | Ph: (360) 736-1108 |
| Centralia | Centralia | Fax: (360) 330-2078 |
| Washington | Washington | buzzardlaw.com |
| 98531 | 98531 | |

3.2. The acts or omissions giving rise to the Plaintiff's claims arose in Lewis County, Washington. Thus, pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in the Western District of Washington.

## IV.    ALLEGED FACTS

4.1. Based on information and belief, on the evening of January 2, 2020, an individual who identified himself as "Tom" called 911 to report that a male subject who had previously been "trespassed" from Fuller's grocery store in Centralia, had entered the store. The caller told the 911 dispatcher that he believed the suspect had some mental illnesses. The caller further told the 911 Dispatcher that the suspect was wearing a black leather coat, jeans, and tennis shoes.  Dispatch notified Centralia police officers. After the following encounter took place, Plaintiff was identified as the suspect. There was never actually a trespass order in place, but at most, the reported offense could constitute gross misdemeanor criminal trespass and there was no indication of any assaultive or other dangerous behavior.

4.2. Based on information and belief, Defendant Reynolds arrived at the Fuller's grocery store at or around 7 p.m. Defendant Reynolds did not locate Plaintiff at Fullers and left the Fullers' parking lot shortly thereafter. Defendant Reynolds spoke with the "loss prevention guy" at Fullers. Defendant Reynolds never determined if the "loss prevention guy" was the 911 caller. The information provided on the 911 call would require a social contact only. Defendant Reynolds did not ask the loss prevention individual any questions.

4.3. Based on information and belief, Defendant Reynolds located Plaintiff at the 1st Security Bank, which is approximately a block and a half away from Fullers. Based on information and belief, Defendant Reynolds made contact with Plaintiff and Defendant Miller arrived shortly thereafter. Based on information and belief, after some initial contact, Plaintiff became very agitated and exhibited what appeared to the officers to be signs of mental illness. Based on information and belief, Defendant Reynolds and Defendant Miller did not



## Buzzard O'Rourke, P.S.
### a t t o r n e y s   a t   l a w

Service Address
314 Harrison Avenue
Centralia
Washington
98531

Mailing Address
PO Box 59
Centralia
Washington
98531

Contact Information
Ph: (360) 736-1108
Fax: (360) 330-2078
buzzardlaw.com

engage in any de-escalation protocols and did not contact a designated mental health provider.

4.4. Based on Defendant Reynolds' initial interview and supplemental narrative, Defendant Reynolds told Plaintiff he was not free to leave. Plaintiff had turned away from the officers as if he was going to leave but turned back towards Defendants Reynolds and Miller after Reynolds informed him, he was not allowed to leave.

4.5. Based on information and belief, there was no apparent plan on how to address or handle Plaintiff. As Defendants Reynolds and Miller continued to talk to Plaintiff, he became more agitated, but he did not attack or advance toward either officer, and he did not try to flee. During this time, Defendant Dorff became aware of the situation.

4.6. Based on information and belief, at some point during the interaction Defendant Miller used his taser on Plaintiff. Plaintiff was wearing a leather jacket resulting in the taser not piercing Plaintiff's skin and thus having no effect.

4.7. During the incident, Plaintiff never attacked or acted aggressively towards Defendant Miller or Defendant Reynolds, and both were able to maintain a safe distance from Plaintiff. Both were controlling the situation with verbal commands and their presence on scene. Plaintiff was carrying a five-foot tall, 2.64-pound walking stick during this exchange. It is undisputed that there were no other crimes reported and Plaintiff was not acting violently.

4.8. Based on information and belief, Defendant Reynolds did not inform responding officers why he was detaining Plaintiff, Defendants Dorff and Miller did not ask why he was detaining Plaintiff. Upon his arrival, Defendant Dorff, parked his vehicle close to Plaintiff, exited the vehicle, and took a position close to Plaintiff so that Plaintiff was now surrounded by three officers. Less than thirty seconds later, Plaintiff turned away slightly from Defendant Dorff without taking any aggressive posture or making any aggressive movements, and in response, Defendant Dorff advanced on Plaintiff and shot him twice at point blank range.



Buzzard O'Rourke, P.S.
attorneys at law

Service Address
314 Harrison Avenue
Centralia
Washington
98531

Mailing Address
PO Box 59
Centralia
Washington
98531

Contact Information
Ph: (360) 736-1108
Fax: (360) 330-2078
buzzardlaw.com

4.9. Plaintiff was hit in his shoulder, his face, and his abdomen. He was transported to Centralia Providence Hospital and then Harborview Medical Center where he spent 27 days hospitalized, with eight days being in the ICU. As a result of being shot in the face, Plaintiff suffered a mandible fracture that required bone grafting, a cervical facial advancement flap, and a complex closure of the mandible. As a result of being shot in the abdomen, Plaintiff suffered a sacral fracture, a colon resection, and must now carry a colostomy bag with him. Plaintiff's preexisting PTSD, schizophrenia, anxiety, and distrust have all worsened significantly since the shooting. Plaintiff will need further treatment to properly repair his colon and bowel and to have any chance of ever being off a colostomy bag.

4.10. Plaintiff is well known by local law enforcement, including the officers named herein, as nonviolent and as a former veteran with suspected mental health issues. Defendant Reynolds even referred to Plaintiff as "Pickle Pete" in his initial interview. Based on information and belief, all officers were aware that Plaintiff regularly carried a walking stick.

4.11. Defendant Dorff, while acting in his official capacity as a law enforcement officer for the Centralia Police Department and City of Centralia, intentionally, unlawfully, flagrantly, inappropriately, and with willful and wanton disregard for life, shot Peter Harris twice times with his service weapon.

4.12. Following the shooting, dispatch was advised a suspect had been shot, but the involved officers provided such poor detail about the nature of the shooting that a Washington State Patrol dispatch recording describes the shooting as "sketchy", and this is also recorded in the dispatch log. All three (3) involved officers were interviewed.

4.13. Based on information and belief, at the time of this shooting, Centralia police officers did not wear body cameras and their vehicles were not equipped with cameras. In this case, there was no video footage from the officers or their vehicles. At the time of their statements, it does not appear the Defendants were aware of the existence of video footage contradicting



Buzzard O'Rourke, P.S.
attorneys at law

Service Address
314 Harrison Avenue
Centralia
Washington
98531

Mailing Address
PO Box 59
Centralia
Washington
98531

Contact Information
Ph: (360) 736-1108
Fax: (360) 330-2078
buzzardlaw.com

their stories. All three officers, to varying degrees, painted a false narrative wherein Plaintiff was about to attack Defendant Dorff.

4.14. Across the street from the incident, West Coast Fence Pros, LLC, had security cameras placed on their building, pointed towards the parking lot and street. The security cameras recorded the shooting.

4.15. Based on information and belief, Defendant Miller said Plaintiff made "a beeline toward" Defendant Dorff and also "advanced and took two or three steps forward with the staff leaning towards him." Defendant Reynolds said it was "obvious he wanted to fight", but later says that Plaintiff looked at the taser probes and did nothing else before Defendant Dorff shot him.

4.16. Based on information and belief, a week after the shooting on January 9, 2020, Defendant Dorff submitted his first statement by way of a letter from his attorney. Approximately a month later, Defendant Dorff was interviewed by the Mason County Sheriff's office wherein his statements were dramatically different from the statement given on January 9, 2020. The first statement says Plaintiff "raised his stick" and "charged toward Dorff" running "at full speed." Plaintiff had "rage in his eyes" and was extremely close to Dorff when he fired.

4.17. Based on information and belief, in his interview with Mason County on February 3, 2020, Defendant Dorff said Plaintiff took "that one aggressive step toward" him, but he could not remember whether Plaintiff did anything with his walking stick.

4.18. Based on information and belief, Defendant Dorff and Defendant Reynolds lied during the course of the investigation with Mason County. Both are *Brady* officers and have been found to have lied during internal investigations and were both recently terminated for lying during internal investigations into their misconduct. Defendant Reynolds was found by the Lewis County Prosecutor's Office to have made inconsistent statements in Plaintiff's case resulting in the issuance of a *Brady* letter, which is only one (1) of four (4) he has received



Buzzard O'Rourke, P.S.
a t t o r n e y s   a t   l a w

Service Address
314 Harrison Avenue
Centralia
Washington
98531

Mailing Address
PO Box 59
Centralia
Washington
98531

Contact Information
Ph: (360) 736-1108
Fax: (360) 330-2078
buzzardlaw.com

in his career. Defendant Dorff and Defendant Reynolds also received a Brady letter for being untruthful during an internal investigation for ignoring and failing to respond to a felony domestic violence call while they hung out with other officers at the police department. As a result of their conduct and dishonesty in that case, both officers were terminated.

4.19. Based on information and belief, Defendant Reynolds has a history of untruthfulness, excessive force, improper use of less lethal weapons, exercising common sense, committing unsafe acts – endangering self/others, and biased policing.

4.20. Based on information and belief, Defendant Miller has a history of violating city policies, including unsafe or improper driving habits or actions in the course of employment or appointment.

4.21. Based on information and belief, on January 8, 2020 – six (6) days after Plaintiff was shot – Defendant Centralia updated and published the *Centralia Police Department Policy Manual*. Prior to the January update, the Manual had been updated on November 7, 2019.

4.22. Based on information and belief,  Defendant Dorff completed the following training in the thirty-six months prior to the shooting:

11/01/2019 - 1 hour of *PoliceOne Equipment Training 1*
11/01/2019 - 1 hour of *PoliceOne Firearms Tactics*
11/01/2019 - 1 hour of *PoliceOne Firearms 1*
11/01/2019 - 1 hour of *PoliceOne Firearms 2*
11/01/2019 - 1 hour of *PoliceOne Firearms 3*
11/01/2019 - 1 hour of *PoliceOne Firearms 4*
11/01/2019 - 1 hour of *PoliceOne Firearms 5*
11/01/2019 - 1 hour of *PoliceOne Firearms 6*
09/30/2019 - 6 hours of *Building Search*
09/30/2019 - 1.5 hours of *Lesson Plans*
08/23/2019 - 1 hour of *Police One dealing with Stress*
07/12/2019 - 7 hours of *Emergency Vehicle Operation 1*
05/28/2019 - 1 hour of *On Line ACCESS Recertification Level 1*
11/09/2018 - 1 hour of *Hospital Crisis Team DMHP Overview*
11/09/2018 - 3.5 hours of *Level 2 DT Use of Force Policy Review*
11/09/2018 - 1 hour of *CPD OC Pepper Spray Recertification*
11/09/2018 - 3 hours of *Taser Re-Certification*
09/18/2018 - 0 hours of *CPD Pursuit Immobilization Technique*

Complaint
Page | 7



## Buzzard O'Rourke, P.S.
### a t t o r n e y s   a t   l a w

| Service Address | Mailing Address | Contact Information |
|---|---|---|
| 314 Harrison Avenue | PO Box 59 | Ph: (360) 736-1108 |
| Centralia | Centralia | Fax: (360) 330-2078 |
| Washington | Washington | buzzardlaw.com |
| 98531 | 98531 | |

09/14/2018 - 8 hours of *Emergency Vehicle Operation 1*
09/14/2018 - 0.3 hours of *Application of the WRAP*
07/09/2018 - 80 hours of *FBI Swat  Basic*
05/17/2018 - 3.5 hours of *Spillman Training and Update*
05/17/2018 - 2 hours of *Inservice Search Warrant Application*
05/17/2018 - 3 hours of *Domestic Violence*
03/22/2018 - 0.25 hours of *CJTC Basic Handgun Qualification*
03/22/2018 - 0.5 hours of *Basic Patrol Rifle Qualification*
03/22/2018 - 0.25 hours of *Backup handgun qualification*
03/22/2018 - 4 hours of *National LE Training Center LVNR*
03/22/2018 - 3.25 hours of *Firearms Qualifications*
01/25/2018 - 4.5 hours of *Adult, child, infant CPR, AED, and First Aid*
01/25/2018 - 1.5 hours of *Trauma Self Aid*
01/25/2018 - 0 hours of *Law Update*
09/22/2017 - 1 hour of *Juvenile Incarceration Update*
09/22/2017 - 0.3 hours of *Narcan and Fentanyl Training*
08/29/2017 - 0.25 hours of *CJTC Basic Handgun Qualifications*
07/24/2017 - 7 hours of *Emergency Vehicle Operation 1*
07/24/2017 - 0.3 hours of *Application of the WRAP*
07/21/2017 - 8 hours of *BAC & SFST Refresher*
06/06/2017 - 1 hour of *On Line Access Recertification Level 1*
04/14/2017 - 26 hours of *Child Abuse / Family Violence Summit*
03/02/2017 - 8 hours of *Lateral Vascular Neck Restraint for Basic LE Users*
01/25/2017 - 2 hours of *K-9 Orientation for Patrol*
01/13/2017 - 3 hours of *Weapons Maintenance and Manipulations*

4.23. At the time of the shooting, Centralia Police Department (CPD) Manual, Section 300.3

regarding Using Force, provided:

Officers shall use only that amount of force that reasonably appears necessary given the facts and circumstances perceived by the officer at the time of the event to accomplish a legitimate law enforcement purpose.

The "reasonableness" of force will be judged from the perspective of a reasonable officer on the scene at the time of the incident. Any evaluation of reasonableness must allow for the fact that officers are often forced to make split-second decisions about the amount of force that reasonably appears necessary in a particular situation, with limited information and in circumstances that are tense, uncertain and rapidly evolving.

Given that no policy can realistically predict every possible situation an officer might encounter, officers are entrusted to use well-reasoned discretion in determining the appropriate use of force in each incident.

Complaint
Page | 8



Buzzard O'Rourke, P.S.

a t t o r n e y s   a t   l a w

Service Address
314 Harrison Avenue
Centralia
Washington
98531

Mailing Address
PO Box 59
Centralia
Washington
98531

Contact Information
Ph: (360) 736-1108
Fax: (360) 330-2078
buzzardlaw.com

It is also recognized that circumstances may arise in which officers reasonably believe that it would be impractical or ineffective to use any of the tools, weapons or methods provided by the Department. Officers may find it more effective or reasonable to improvise their response to rapidly unfolding conditions that they are confronting. In such circumstances, the use of any improvised device or method must nonetheless be reasonable and utilized only to the degree that reasonably appears necessary to accomplish a legitimate law enforcement purpose.

While the ultimate objective of every law enforcement encounter is to avoid or minimize injury, nothing in this policy requires an officer to retreat or be exposed to possible physical injury before applying reasonable force.

4.24. CPD Manual, Section 300.4.3 regarding De-Escalation, states:

As previously stated, nothing in this po[l]icy requires an officer to retreat or be exposed to possible physical injury before applying reasonable force. Policing requires that at times an officer must exercise control of a violent or resisting subject to make an arrest, or to protect the subject, the officer, other officers, or members of the community from risk of imminent harm. Clearly, not every potential violent confrontation can be de-escalated, but officers should be mindful that they do have the ability to impact the direction and the outcome of many situations they handle, based on their decision-making and the tactics they choose to employ.

When reasonable under the totality of circumstances, officers should gather information about the incident, assess the risks, assemble resources, attempt to slow momentum, and communicate and coordinate a response. In their interaction with subjects, when practical, officers should consider using the tactics and alternatives that are available to them. Officers should recognize that they may withdraw to a position that is tactically more secure or allows them greater distance in order to consider or deploy a greater variety of force options. Officers shall perform their work in a manner that avoids unduly jeopardizing their own safety or the safety of others through poor tactical decisions.

The prospect of a favorable outcome is often enhanced when supervisors become involved in the management of an overall response to potential violent encounters by coordinating resources and officers' tactical actions. Supervisors should possess a good knowledge of tactics and ensure that officers under their supervision perform to department standards. As a good practice, supervisors will acknowledge and respond to incidents in a timely manner where law enforcement use of force is probable.

4.25. CPD Manual, Section 300.4, regarding Deadly Force Applications, states:

Use of deadly force is justified in the following circumstances:

(a) An officer may use deadly force to protect him/herself or others from what he/she reasonably believes would be an imminent threat of death or serious bodily injury.

(b) An officer may use deadly force to stop a fleeing subject when the officer has probable cause to believe that the person has committed, or intends to commit, a felony involving the



Buzzard O'Rourke, P.S.
a t t o r n e y s   a t   l a w

Service Address
314 Harrison Avenue
Centralia
Washington
98531

Mailing Address
PO Box 59
Centralia
Washington
98531

Contact Information
Ph: (360) 736-1108
Fax: (360) 330-2078
buzzardlaw.com

infliction or threatened infliction of serious bodily injury or death, and the officer reasonably believes that there is an imminent risk of serious bodily injury or death to any other person if the subject is not immediately apprehended. Under such circumstances, a verbal warning should precede the use of deadly force, where feasible. Imminent does not mean immediate or instantaneous. An imminent danger may exist even if the suspect is not at that very moment pointing a weapon at someone. For example, an imminent danger may exist if an officer reasonably believes any of the following:

1. The person has a weapon or is attempting to access one and it is reasonable to believe the person intends to use it against the officer or another.

2. The person is capable of causing serious bodily injury or death without a weapon and it is reasonable to believe the person intends to do so.

4.26. CPD Manual, Section 300.8 concerning Training regarding use of force, states:

Officers will receive periodic training on this policy and demonstrate their knowledge and understanding.

4.27. CPD Manual, Section 203.4 regarding training plans, states:

A training plan for all employees will be developed and maintained by the Deputy Chief of Police or his/her designee. It is the responsibility of the Deputy Chief of Police or his/her designee to maintain, review, and update the training plan on an annual basis. The plan will ensure, at minimum, the following:

(a) All sworn members will successfully complete an annual in-service training program of no less than 24 hours that includes the training required by the CJTC (WAC 139-05-300).

(b) All officers must complete a minimum of 40 hours of continuing de-escalation and mental health training every three years as provided in WAC 139-11-020 and WAC139-11-060.

1. This training may substitute the annual 24 hours in-service requirement under WAC 139-05-300 in the year the officer completes the 40-hour violence de-escalation training.

(c) All sworn members will successfully complete an annual in-service training program on the department use of force and deadly force policies.

(d) All sworn members will successfully complete in-service training on less-than-lethal weapons every two years.

(e) Full-time supervisors or managers will receive appropriate training and certification required by CJTC.

(f) All sworn members will successfully complete the National Incident Management System (NIMS) introductory training course.

(g) Members who will serve as school resource officers will receive training for school resource officers (Chapter 333 § 12, 2019 Laws).

(h) Any request for exemption, waiver, extension, or variance from any requirement of CJTC training must be made under WAC 139-03-030 and corresponding information be made available to the public in accordance with the Records Maintenance and Release Policy (WAC 139-11-030).

4.28. CPD Manual Section 300.2.1 regarding, Duty To Intercede states:

Buzzard O'Rourke, P.S.
a t t o r n e y s   a t   l a w

Service Address
314 Harrison Avenue
Centralia
Washington
98531

Mailing Address
PO Box 59
Centralia
Washington
98531

Contact Information
Ph: (360) 736-1108
Fax: (360) 330-2078
buzzardlaw.com

Any officer present and observing another officer using force that is clearly beyond that which is objectively reasonable under the circumstances shall, when in a position to do so, intercede to prevent the use of unreasonable force. An officer who observes another employee use force that exceeds the degree of force permitted by law should promptly report these observations to a supervisor.

4.29. It is the custom, practice, and policy of police officers and/or their supervisors/agents and/or other employees of Defendant Centralia to perform the following acts and/or omissions in connection with allegations of misconduct that are directed at Defendant Centralia:

4.29.1. Individuals for Defendant Centralia generate false documentation to cover-up for the misconduct of police officers;

4.29.2. Supervisory individuals from Defendant Centralia fail to properly discipline officers from the police department that have committed an act of misconduct on another;

4.29.3. Supervisory individuals from Defendant Centralia fail to properly investigate a complaint of misconduct perpetrated by a Defendant Centralia police officer, on another.

4.30. Supervisory individuals from Defendant Centralia fail to take proper remedial action against a Defendant Centralia police officer once it is determined that an illegal act, an act of excessive force, false arrest and/or malicious prosecution has been committed by the officer. This practice and/or custom has gone unchecked and been allowed to exist in Defendant Centralia for a significant period of time; so much so, that police officers for Defendant Centralia recognize that they will not be punished for committing such acts and that, in fact, these acts are either permitted or quietly consented to by superior officers of Defendant Centralia in order to permit such conduct to reoccur.

4.31. A code of silence exists, between the officers of the Defendant Centralia police department so as to obstruct the legal process (preventing the free flow of honest information with regard to acts of misconduct).



Buzzard O'Rourke, P.S.
attorneys at law

| Service Address | Mailing Address | Contact Information |
| --- | --- | --- |
| 314 Harrison Avenue | PO Box 59 | Ph: (360) 736-1108 |
| Centralia | Centralia | Fax: (360) 330-2078 |
| Washington | Washington | buzzardlaw.com |
| 98531 | 98531 | |

4.32. Defendant Centralia is a duly incorporated municipal corporation and is the employer and principal of the other officers referred to in this Complaint. At all times material to this Complaint, Defendants were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of Defendant Centralia.

## V.   NEGLIGENCE BY DEFENDANT CENTRALIA

5.1. Plaintiff realleges the above paragraphs as though fully set forth herein.

5.2. Defendant Centralia had a duty to exercise ordinary care and to act in a manner that a reasonably careful person would have under the same or similar circumstances. Defendant Centralia had duties to use reasonable police practices to protect and safeguard members of the public from foreseeable danger, especially when the risk of harm is created and/or increased by Defendants' acts or omissions. RCW 4.96.010; RCW 4.92.090.

5.3. Defendants Centralia negligently failed to exercise reasonable care regarding the protection of members of the public from reasonably foreseeable dangers such as excessive force.

5.4. Defendant Centralia (through the CPD) negligently violated its own policies and reasonable police practices regarding the use of force by officers including but not limited to the negligent failure to:

5.4.1.   de-escalate conflict;

5.4.2.   avoid unreasonably escalating conflict;

5.4.3.   contact a mental health crises counselor;

5.4.4.   communicate instructions and/or warnings to Plaintiff;

5.4.5.   provide Plaintiff reasonable opportunity to comply with instructions and/or warnings;

5.4.6.   ensure all applications of force are reasonable, necessary, and proportional;

5.4.7.   prohibit unreasonable methods of force, including but not limited to failing to use "less lethal" prior to using excessive force;



Buzzard O'Rourke, P.S.
a t t o r n e y s   a t   l a w

Service Address
314 Harrison Avenue
Centralia
Washington
98531

Mailing Address
PO Box 59
Centralia
Washington
98531

Contact Information
Ph: (360) 736-1108
Fax: (360) 330-2078
buzzardlaw.com

5.4.8.  prohibit the disproportionate use of force against Plaintiff, who obviously was affected by mental illness, was known to the Defendants to have a mental illness, and who were informed that he had a mental illness.

5.5. Defendant Centralia negligently failed to properly train officers.

5.6. Defendant Centralia negligently failed to properly supervise officers.

5.7. Defendant Centralia negligently failed to monitor, investigate, and otherwise prevent the members of its law enforcement forces from harboring implicit bias against the mentally ill, which bias played a role in the actions and misconduct of the police.

5.8. Defendants Dorff, Reynolds and Miller negligently failed to follow protocols as required by Washington Law and Centralia Police Department policies by failing to properly contact an individual with known mental health issues and by failing to engage in any effort to deescalate.

5.9. Defendants Dorff, Reynolds and Miller were negligent in the way they surrounded Plaintiff and escalated a gross misdemeanor allegation which had already occurred, and which presented no threat to public safety or officer safety.

5.10. Defendant Dorff acted negligently by parking his vehicle unnecessarily close to Plaintiff and by exiting his vehicle and positioning himself far closer to Plaintiff than the two officers already on scene.

5.11. Defendant Dorff acted negligently through his own proclamation in acting as "lethal cover" when Officer Reynolds already had his weapon drawn and was lethal cover, and Officer Miller already had less lethal cover.

5.12. As a direct and proximate result of these violations, Plaintiff suffered damages.

5.13. Defendants Reynolds, Dorff, and Miller were employed by Defendant Centralia and were acting within the course and scope of their employment with the City of Centralia at the time of the above-described acts and omissions, and in furtherance of the City's business.



## Buzzard O'Rourke, P.S.
### attorneys at law

Service Address
314 Harrison Avenue
Centralia
Washington
98531

Mailing Address
PO Box 59
Centralia
Washington
98531

Contact Information
Ph: (360) 736-1108
Fax: (360) 330-2078
buzzardlaw.com

Defendant Centralia is vicariously liable for the negligence of the individual officers under *respondeat superior*.

5.14. Plaintiff demands compensatory damages, jointly and severally, from Defendants, punitive damages, and costs. Plaintiff also demands whatever additional relief this court deems equitable and just.

## VI. ASSAULT AND BATTERY BY DEFENDANT CENTRALIA

6.1. Plaintiff realleges the above paragraphs as though fully set forth herein.

6.2. Defendant Centralia (through Defendants Dorff, Reynolds, and Miller) intended to cause fear and apprehension of an imminent harmful or offensive contact and committed acts that resulted in the Plaintiff's fear or apprehension of such contact.

6.3. Defendant Centralia intended to touch Plaintiff in a harmful or offensive manner and committed acts that resulted in harmful or offensive contact with Plaintiff.

6.4. To the extent Defendant Centralia argues the force used was reasonable and necessary—that no reasonably effective alternative existed—Plaintiff asserts that Defendant's force was excessive, unnecessarily violent, and unreasonable.

6.5. As a direct and proximate result of these violations, Plaintiff suffered damages.

6.6. The individual officers employed by Defendant Centralia were acting within the course and scope of their employment with the City at the time of the above-described acts and omissions, and in furtherance of the City's business. Defendant Centralia is vicariously liable for the negligence of the individual officers under *respondeat superior*.

6.7. Plaintiff demands compensatory damages, jointly and severally, from Defendant Centralia, punitive damages and costs. Plaintiff also demands whatever additional relief this court deems equitable and just.

## VII. ASSAULT AND BATTERY BY DEFENDANTS DORFF, REYNOLDS, AND MILLER

7.1. Plaintiff realleges the above paragraphs as though fully set forth herein.



Buzzard O'Rourke, P.S.
attorneys at law

Service Address
314 Harrison Avenue
Centralia
Washington
98531

Mailing Address
PO Box 59
Centralia
Washington
98531

Contact Information
Ph: (360) 736-1108
Fax: (360) 330-2078
buzzardlaw.com

7.2. Defendants Dorff, Reynolds, and Miller intended to cause fear and apprehension of an imminent harmful or offensive contact and committed acts that resulted in the Plaintiff's fear or apprehension of such contact.

7.3. Defendants Dorff, Reynolds, and Miller intended to touch Plaintiff in a harmful or offensive manner and committed acts that resulted in harmful or offensive contact with Plaintiff.

7.4. To the extent Defendants Dorff, Reynolds, and Miller argue the force used was reasonable and necessary—that no reasonably effective alternative existed—Plaintiff asserts that Defendant's force was excessive, unnecessarily violent, and unreasonable.

7.5. As a direct and proximate result of these violations, Plaintiff suffered damages.

7.6. Plaintiff demands compensatory damages, jointly and severally, from Defendants Dorff, Reynolds, and Miller, punitive damages and costs. Plaintiff also demands whatever additional relief this court deems equitable and just.

### VIII.    FALSE IMPRISONMENT – DEFENDANT CENTRALIA

8.1. Plaintiff realleges the above paragraphs as though fully set forth herein.

8.2. Defendant Centralia (through the other Defendants mentioned herein) unlawfully detained, restrained, and/or imprisoned Plaintiff, through actions including but not limited to physical force, threat of force, and arrest.

8.3. To the extent Defendant Centralia argues their actions were justified, Plaintiff asserts that Defendant's actions were unreasonable and lacking probable cause.

8.4. As a direct and proximate result of these violations, Plaintiff suffered damages.

8.5. The individual officers employed by Defendant Centralia were acting within the course and scope of their employment with the City at the time of the above-described acts and omissions, and in furtherance of the City's business. Defendant Centralia is vicariously liable for the negligence of the individual officers under *respondeat superior*.



Buzzard O'Rourke, P.S.
a t t o r n e y s   a t   l a w

| Service Address | Mailing Address | Contact Information |
| --- | --- | --- |
| 314 Harrison Avenue | PO Box 59 | Ph: (360) 736-1108 |
| Centralia | Centralia | Fax: (360) 330-2078 |
| Washington | Washington | buzzardlaw.com |
| 98531 | 98531 | |

8.6. Plaintiff demands compensatory damages, jointly and severally, from Defendant Centralia, punitive damages and costs. Plaintiff also demands whatever additional relief this court deems equitable and just.

### IX.   FALSE IMPRISONMENT – DEFENDANTS DORFF, REYNOLDS, AND MILLER

9.1. Plaintiff realleges the above paragraphs as though fully set forth herein.

9.2. Defendants Dorff, Reynolds, and Miller unlawfully detained, restrained, and/or imprisoned Plaintiff, when they stopped Plaintiff, surrounded him, told him he was not allowed to leave, and then shot him rendering him unable to leave without assistance. In addition, Defendants Dorff, Reynolds, and Miller told him they would tase him if he did not follow their orders.

9.3. To the extent Defendants Dorff, Reynolds, and Miller argue their actions were justified, Plaintiff asserts that Defendants' actions were unreasonable and lacking probable cause.

9.4. As a direct and proximate result of these violations, Plaintiff suffered damages.

9.5. Plaintiff demands compensatory damages, jointly and severally, from Defendants Dorff, Reynolds and Miller, punitive damages and costs. Plaintiff also demands whatever additional relief this court deems equitable and just.

### X.   WA CONST., ART. I, SEC. 7 – UNCONSTITUTIONAL EXCESSIVE FORCE

10.1. Plaintiff realleges the above paragraphs as though fully set forth herein.

10.2. Under the Washington State Constitution Article I, Section 7, "No person shall be disturbed in his private affairs, or his home invaded, without authority of law." This section is the State law equivalent of the Fourth Amendment of the United States Constitution. It guarantees the right to be free of unlawful arrest and excessive force by State and local governments.

10.3. Section 7, however, "provides greater protection to individual privacy rights than the Fourth Amendment." *State v. Phillip*, 9 Wn. App. 2d 464, 474, 452 P.3d 553 (Div. 1 2019) (internal quotations omitted). It "recognizes an individual's right to privacy with no express

Complaint
Page | 16



## Buzzard O'Rourke, P.S.
### a t t o r n e y s   a t   l a w

Service Address
314 Harrison Avenue
Centralia
Washington
98531

Mailing Address
PO Box 59
Centralia
Washington
98531

Contact Information
Ph: (360) 736-1108
Fax: (360) 330-2078
buzzardlaw.com

limitations," and "prohibits any invasion of an individual's right to privacy without 'authority of law." *Id.* (internal quotations omitted). The rights of individuals are" nearly categorical," and there is no "good faith" or "reasonableness" exception. *Id.* at 474-75.

10.4. While Plaintiff was walking along the sidewalk, and without any imminent threat of danger to person or property or probable cause, Defendants Dorff, Reynolds, and Miller repeatedly exercised force by shooting a taser at Plaintiff and shooting Plaintiff with a gun.

10.5. Defendants Dorff, Reynolds, and Miller exercised force without reasonable warnings to Plaintiff in advance, and without allowing Plaintiff to vacate the area.

10.6. The Defendants Dorff, Reynolds, and Miller exercised force on Plaintiff who was not actually posing an imminent threat of danger to person or property.

10.7. Defendants Dorff, Reynolds, and Miller arrested, restrained, seized, and/or detained Plaintiff without reasonable grounds to believe, or the actual belief, that a crime was actually being committed.

10.8. There was no lawful, reasonable, or rational justification for the type and degree of force and/or restraint used on Plaintiff by Defendant Centralia (through Defendants Dorff, Reynolds, and Miller).

10.9. Defendants Dorff, Reynolds, and Miller's use of excessive force and unlawful restraint violated the Plaintiff's rights under the Washington State Constitution Article I, Section 7.

10.10. As a direct and proximate result of these violations, Plaintiff suffered damages.

10.11. Plaintiff demands compensatory damages, jointly and severally, from Defendants, punitive damages and costs. Plaintiff also demands whatever additional relief this court deems equitable and just.

## XI.    BIASED POLICING

11.1. Plaintiff realleges the above paragraphs as though fully set forth herein.

11.2. CPD Policy Manual, prohibits biased policing defined as "An inappropriate reliance on characteristics such as race, ethnicity, national origin, religion, sex, sexual orientation,



Buzzard O'Rourke, P.S.
a t t o r n e y s   a t   l a w

| Service Address | Mailing Address | Contact Information |
| --- | --- | --- |
| 314 Harrison Avenue | PO Box 59 | Ph: (360) 736-1108 |
| Centralia | Centralia | Fax: (360) 330-2078 |
| Washington | Washington | buzzardlaw.com |
| 98531 | 98531 | |

gender identity or expression, economic status, age, cultural group, disability or affiliation with any non-criminal group (protected characteristics) as the basis for providing differing law enforcement service or enforcement."

11.3. CPD Policy Manual, prohibit bias based policing, but further states: "nothing in this policy is intended to prohibit an officer from considering protected characteristics in combination with credible, timely and distinct information connecting a person or people of a specific characteristic to a specific unlawful incident, or to specific unlawful incidents, specific criminal patterns or specific schemes."

11.4. The above-described conduct by Defendant Centralia (through other Defendants mentioned herein) violated CPD Policy Manual Section 401. Although Defendant Centralia has a policy against biased policing, its officers disregarded said policy and knowing Plaintiff had mental health issues and was disabled, targeted him for an alleged law violation of trespass, improperly attempted to detain Plaintiff, and used unnecessary force.

11.5. It is the custom, practice, and unwritten policy of police officers and/or their supervisors/agents and/or other employees of Defendant Centralia to not enforce the biased policing prohibition included within their Policy Manual.

11.6. A code of silence exists, between the officers of the Defendant Centralia police department regarding the use of biased policing.

11.7. Defendant Centralia failed to enforce its own policies regarding biased policing.

11.8. As a direct and proximate result of these violations, Plaintiff suffered damages.

11.9. Plaintiff demands compensatory damages, jointly and severally, from Defendants, punitive damages and costs. Plaintiff also demands whatever additional relief this court deems equitable and just.



Buzzard O'Rourke, P.S.
a t t o r n e y s   a t   l a w

Service Address
314 Harrison Avenue
Centralia
Washington
98531

Mailing Address
PO Box 59
Centralia
Washington
98531

Contact Information
Ph: (360) 736-1108
Fax: (360) 330-2078
buzzardlaw.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## XII.  § 1983 EXCESSIVE FORCE

12.1. Plaintiff realleges the above paragraphs as though fully set forth herein.

12.2. The Fourth Amendment to the United States Constitution states: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

12.3. Section 1 of the Fourteenth Amendment to the United States Constitution States: "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

12.4. Plaintiff was unlawfully seized by Defendants Dorff, Reynolds, and Miller, and City of Centralia. Defendants lacked reasonable suspicion to stop Plaintiff as they did not have the necessary specific articulable facts that a crime has happened, is happening, or is about to happen. Terry v. Ohio. Defendants Dorff, Reynolds, and Miller unlawfully seized Plaintiff when they instructed him that he was not allowed to leave and when Defendant Reynolds stopped his marked police vehicle and approached Plaintiff, followed by the approval of Defendant Miller in his marked police vehicle, and by Defendants Dorff, Reynolds, and Miller pointing their firearms at the plaintiff, which resulted in a seizure by a show of authority. A reasonable person would have believed he was not free to leave, and after Defendant Reynolds informed Plaintiff he was not allowed to leave, Plaintiff turned to face the Defendants.

12.5. The use of force initiated by Defendants Dorff, Reynolds, and Miller and the failure to intervene in the use of that force caused an excessive amount of force to be inflicted onto



Buzzard O'Rourke, P.S.
a t t o r n e y s   a t   l a w

Service Address
314 Harrison Avenue
Centralia
Washington
98531

Mailing Address
PO Box 59
Centralia
Washington
98531

Contact Information
Ph: (360) 736-1108
Fax: (360) 330-2078
buzzardlaw.com

the body of Plaintiff. This force was unreasonable and unnecessary. At most, the reported offense the Plaintiff was alleged to have committed could constitute gross misdemeanor criminal trespass. There was no indication of any assaultive or other dangerous behavior; Plaintiff's walking stick weighed 2.64 pounds and was 61 inches in height. Plaintiff did not have the stick raised in a combative manner nor did he run at the Defendants Dorff, Reynolds, and Miller. Plaintiff did not pose an immediate threat to the safety of the officers or others. Plaintiff was not resisting arrest or attempting to evade arrest by flight. Defendant Dorff advanced towards Plaintiff, and Plaintiff reacted by taking one step back. All of the Plaintiff's conduct was captured on video camera unbeknownst to Defendants, and Officers Dorff, Reynolds, and Miller lied about Plaintiff's conduct in order to cover up their violations of Plaintiff's constitutional rights.

12.6. As a direct and proximate result of one or more of the described acts or omissions of Defendants Dorff, Reynolds, and Miller, Plaintiff was caused to suffer serious and permanent personal injury, pain, suffering, and mental anguish both now and in the future.

12.7. Plaintiff demands compensatory damages, jointly and severally, from Defendants, punitive damages, and costs. Plaintiff also demands whatever additional relief this court deems equitable and just.

### XIII.   CONSPIRACY CLAIM

13.1.  Plaintiff realleges the above paragraphs as though fully set forth herein.

13.2. Defendant Centralia, Defendant Dorff, Defendant Reynolds, and Defendant Miller conspired together to violate the law and to damage Plaintiff.

13.3. Based on information and belief, Defendants Dorff, Reynolds, and Miller crafted their statements to better match each other's statements and to violate the law and damage Plaintiff. Their intentional crafting of a false narrative is confirmed on video and was even confirmed by the investigative agency, the Mason County Sheriff's Office.



Buzzard O'Rourke, P.S.
attorneys at law

| Service Address | Mailing Address | Contact Information |
| 314 Harrison Avenue | PO Box 59 | Ph: (360) 736-1108 |
| Centralia | Centralia | Fax: (360) 330-2078 |
| Washington | Washington | buzzardlaw.com |
| 98531 | 98531 | |

13.4. Defendant Centralia knew of the changes in the other Defendants statements and took no action for the purpose of violating the law and damaging Plaintiff.

13.5. Defendants were the direct and proximate cause of the violations of the United States Constitution, inter alia the Fourth and 14th Amendment.

13.6. WHEREFORE, Plaintiff demands compensatory damages, jointly and severally, from Defendants, punitive damages and attorney fees and costs. Plaintiff also demands whatever additional relief this court deems equitable and just.

### XIV.   § 1983 INADEQUATE TRAINING

14.1. Plaintiff realleges the above paragraphs as though fully set forth herein.

14.2. To establish deliberate indifference, It was known or obvious to Defendant Centralia that it was highly predictable that lack of training and inadequate training would cause a violation of the Fourth and Fourteen Amendments of the United States Constitution, Article 1, Section 7, of the Washington Constitution, the Americans with Disabilities Act of 1990 (42 U.S.C. § 12101), and rights protected by the Constitution or laws of the United States, of persons with whom the inadequately trained employee comes into contact.

14.3. CPD Policy Manual  Section 203.4 requires each sworn member of the Centralia Police Department to (a) successfully complete an annual in-service training program of no less than 24 hours that includes the training required by the CJTC; (b) successfully complete an annual in-service training program on the department use of force and deadly force policies; (c) successfully complete in-service training on less-than-lethal weapons every two years; and (d) successfully complete the National Incident Management System (NIMS) introductory training course. In addition, all officers are required to complete a minimum of 40 hours of continuing de-escalation and mental health training every three years

14.4. Based on information and belief, in the preceding twelve months, Defendant Dorff had not completed the required training program on the department use of force and deadly force



Buzzard O'Rourke, P.S.
a t t o r n e y s   a t   l a w

| Service Address | Mailing Address | Contact Information |
| --- | --- | --- |
| 314 Harrison Avenue | PO Box 59 | Ph: (360) 736-1108 |
| Centralia | Centralia | Fax: (360) 330-2078 |
| Washington | Washington | buzzardlaw.com |
| 98531 | 98531 | |

policies. Instead, Defendant Dorff had completed eight hours of weapons training three months prior to the shooting.

14.5. It is the custom, practice, and unwritten policy of police officers and/or their supervisors/agents and/or other employees of Defendant Centralia to not enforce the training requirements included within their Policy Manual.

14.6. Defendant Centralia, by placing undue emphasis on SWAT training, firearm training, and other combat related training, negligently militarized its police department and officers.

14.7. A code of silence exists, between the officers of the Defendant Centralia police department regarding the lack of training.

14.8. Defendant Centralia failed to enforce its own policies and train its officers.

14.9. The acts or omissions of Defendants as alleged here regarding false arrest or use of excessive force were (1) caused by inadequate and arbitrary training, supervision, or discipline of officers by Defendant Centralia's Department; (2) caused by deliberate indifference of the Defendant Centralia's Department; (3) consistent with, and done pursuant to, a custom or de facto policy of the Defendant Centralia's Department; and (4) ratified by final decision makers of the Defendant Centralia's Department.

14.10. 33. Defendants' misconduct was so closely related to the deprivation of Plaintiff's rights as to be the moving force that caused his ultimate injuries

14.11. As a direct and proximate result of these violations, Plaintiff suffered damages.

14.12. Plaintiff demands compensatory damages, jointly and severally, from Defendants, punitive damages, and costs. Plaintiff also demands whatever additional relief this court deems equitable and just.

### XV.     § 1983 INADEQUATE SUPERVISION

15.1. Plaintiff realleges the above paragraphs as though fully set forth herein.

15.2. It is the custom, practice, and policy of police officers and/or their supervisors/agents and/or other employees of Defendant Centralia to perform the following acts and/or



Buzzard O'Rourke, P.S.
a t t o r n e y s   a t   l a w

Service Address
314 Harrison Avenue
Centralia
Washington
98531

Mailing Address
PO Box 59
Centralia
Washington
98531

Contact Information
Ph: (360) 736-1108
Fax: (360) 330-2078
buzzardlaw.com

omissions in connection with allegations of misconduct that are directed at Defendant Centralia:

15.2.1. Supervisory individuals from Defendant Centralia fail to properly discipline officers from the police department that have committed an act of misconduct on another;

15.2.2. Supervisory individuals from Defendant Centralia fail to properly investigate a complaint of misconduct perpetrated by a Defendant Centralia police officer, on another.

15.3. Supervisory individuals from Defendant Centralia fail to take proper remedial action against a Defendant Centralia police officer once it is determined that an illegal act, an act of excessive force, false arrest and/or malicious prosecution has been committed by the officer. This practice and/or custom has gone unchecked and been allowed to exist in Defendant Centralia for a significant period of time; so much so, that police officers for Defendant Centralia recognize that they will not be punished for committing such acts and that, in fact, these acts are either permitted or quietly consented to by superior officers of Defendant Centralia in order to permit such conduct to reoccur.

15.4. A code of silence exists, between the officers of the Defendant Centralia police department so as to obstruct the legal process (preventing the free flow of honest information with regard to acts of misconduct).

15.5. Defendant Centralia is the employer and principal of the other Defendants referred to in this Complaint. At all times material to this Complaint, Defendants were acting under color of state law or custom and usages of Defendant Centralia.

15.6. As a direct and proximate result of one or more of defendants' foregoing wrongful acts or omissions to act, the plaintiff sustained a violation of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, severe and permanent injury to his person, pain, suffering, disability, loss of income, mental anguish, humiliation, and other diverse injuries.



Buzzard O'Rourke, P.S.
a t t o r n e y s   a t   l a w

| Service Address | Mailing Address | Contact Information |
|---|---|---|
| 314 Harrison Avenue | PO Box 59 | Ph: (360) 736-1108 |
| Centralia | Centralia | Fax: (360) 330-2078 |
| Washington | Washington | buzzardlaw.com |
| 98531 | 98531 | |

15.7. Plaintiff demands compensatory damages, jointly and severally, from Defendants, punitive damages, and costs. Plaintiff also demands whatever additional relief this court deems equitable and just.

## XVI.   § 1983 POLICIES IN VIOLATION OF FOURTH AND FOUTEENTH AMENDMENTS

16.1. Plaintiff realleges the above paragraphs as though fully set forth herein.

16.2. Defendant Centralia is a Washington municipal corporation which operates, administers, maintains, and controls the Centralia Police Department as one of its executive branches.

16.3. Defendant Centralia has established policies and procedures for its Police Department regarding the use of force, and regarding the use of de-escalation tactics.

16.4. In establishing these procedures, Defendant Centralia had a duty under the Fourth and Fourteenth Amendments to the Constitution of the United States to refrain from enforcing or continuing in effect policies and procedures that created a substantial likelihood that individuals would be subjected to the use of excessive force by Defendant Centralia's Police Department officers, or policies and procedures which created a substantial likelihood that citizens would be treated with reckless indifference by its agents, servants and employees employed by Defendant Centralia's Police Department.

16.5. Notwithstanding its mentioned duties, Defendant Centralia was guilty of one or more of the following wrongful acts or omissions to act in violation of the plaintiff's Constitutional rights, in that it:

16.5.1. allowed policies and procedures to continue in force and effect which resulted in the use of outrageous and excessive force against plaintiff;

16.5.2. had a custom and practice of failing to independently and adequately investigate complaints of excessive force;

16.5.3. had a custom and practice of failing to effectively discipline or retrain police officers who wrongfully utilized excessive force;



Buzzard O'Rourke, P.S.
a t t o r n e y s   a t   l a w

| Service Address | Mailing Address | Contact Information |
| --- | --- | --- |
| 314 Harrison Avenue | PO Box 59 | Ph: (360) 736-1108 |
| Centralia | Centralia | Fax: (360) 330-2078 |
| Washington | Washington | buzzardlaw.com |
| 98531 | 98531 | |

16.5.4. failed to establish appropriate policies and procedures to address and correct the repeated use of excessive force by police officers in traffic stops; and

16.5.5. allowed the continuance in force and effect of policies and procedures which failed to require the use of less lethal force or to de-escalate potential confrontations.

16.6. As a direct and proximate result of one or more of defendants' foregoing wrongful acts or omissions to act, the plaintiff sustained a violation of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, severe and permanent injury to his person, pain, suffering, disability, loss of income, mental anguish, humiliation, and other diverse injuries.

16.7. Plaintiff demands compensatory damages, jointly and severally, from Defendants, punitive damages, and costs. Plaintiff also demands whatever additional relief this court deems equitable and just.

## XVII.   GROSS NEGLIGENCE AND/OR WILLFUL AND WANTON MISCONDUCT

17.1. Plaintiff realleges the above paragraphs as though fully set forth herein.

17.2. At all times material, Defendant Reynolds, Defendant Miller, and Defendant Dorff, individually and as agents, servants, and employees of defendant city, had a duty to refrain from causing injury to plaintiff through gross negligence or willful and wanton misconduct.

17.3. In breach of their duty to refrain from causing injury to plaintiff through their gross negligence or willful and wanton misconduct, Defendant Reynolds, Defendant Miller, and Defendant Dorff, as agents, servants, and employees of Defendant Centralia, were guilty of one or more of the following grossly negligent and/or willful and wanton acts or omissions to act, in that defendants:

17.3.1. willfully and wantonly or with gross negligence shot Plaintiff without cause or provocation, although Defendant Reynolds, Defendant Miller, and Defendant Dorff knew, or should have known, that this conduct posed an unreasonable risk of causing serious injury to plaintiff; and

Complaint
Page | 25



Buzzard O'Rourke, P.S.

a t t o r n e y s   a t   l a w

Service Address
314 Harrison Avenue
Centralia
Washington
98531

Mailing Address
PO Box 59
Centralia
Washington
98531

Contact Information
Ph: (360) 736-1108
Fax: (360) 330-2078
buzzardlaw.com

17.3.2. willfully and wantonly or with gross negligence or recklessly used excessive force in order to cause plaintiff injury although defendants knew, or should have known, that such conduct posed an unreasonable risk of causing serious injury to plaintiff.

17.4. As a direct and proximate result of one or more of defendants' wrongful acts or omissions to act, plaintiff sustained severe and permanent injury to plaintiff's person, pain, suffering, disability, loss of income, mental anguish, humiliation, and other diverse injuries.

17.5. Plaintiff demands compensatory damages, jointly and severally, from Defendants, punitive damages, and costs. Plaintiff also demands whatever additional relief this court deems equitable and just.

## XVIII.   DAMAGES – PERSONAL INJURIES AND CIVIL RIGHTS VIOLATIONS

18.1. As a direct and proximate result of the above acts, omissions, and other conduct of Defendants, the Plaintiff has suffered and continues to suffer physical injury, pain and suffering, mental and emotional distress, disability, disfigurement, loss of enjoyment of life, loss of liberty, humiliation, fear, and embarrassment, and other general damages in amounts to be proven at the time of trial.

18.2. As a direct and proximate result of the above acts, omissions, and other conduct of Defendants, Plaintiff has been required to seek various medical treatments and will continue to require medical treatments in the future, in amounts to be proven at the time of trial.

18.3. As a direct and proximate result of the above acts, omissions, and other conduct of Defendants, Plaintiff has suffered and will continue to suffer lost wages, lost earning capacity, medical expenses, property damage, injury to reputation, and other special damages, in amounts to be proven at the time of trial.

18.4. As a direct and proximate result of the above acts, omissions, and other conduct of Defendants, Plaintiff has suffered damage to their beliefs and confidences in the sanctity of their constitutional rights, including but not limited to their rights to freedom from assault



Buzzard O'Rourke, P.S.
a t t o r n e y s   a t   l a w

Service Address
314 Harrison Avenue
Centralia
Washington
98531

Mailing Address
PO Box 59
Centralia
Washington
98531

Contact Information
Ph: (360) 736-1108
Fax: (360) 330-2078
buzzardlaw.com

by excessive force, resulting in a chilling effect on the future exercise of their rights, in amounts to be proven at the time of trial.

18.5. Plaintiff has incurred other damages to be proven at the time of trial.

**XIX.      RESERVATION OF RIGHTS**

Plaintiff further reserves the right to amend this complaint in the future.

**XX.      PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

1.  For special and general damages in amounts to be proven at trial;

2.  For punitive damages in amounts to be proven at trial;

3.  For costs and disbursements;

4.  For all other damages, fees, and expenses;

5.  For attorneys' fees;

6.  For statutory interest on the judgment from the date judgment is entered until paid in full;

7.  For prejudgment interest on the special damages;

8.  For such other and further relief as the Court may deem just and equitable.

Dated this _____3rd_____ day of March, 2022.

BUZZARD O'ROURKE, P.S.



_____
SHANE M. O'ROURKE, WSBA No. 39927
Attorney for the Plaintiff

Buzzard O'Rourke, P.S.
a t t o r n e y s   a t   l a w

Service Address
314 Harrison Avenue
Centralia
Washington
98531

Mailing Address
PO Box 59
Centralia
Washington
98531

Contact Information
Ph: (360) 736-1108
Fax: (360) 330-2078
buzzardlaw.com

1

## CERTIFICATION

2

I, PATRICIA HARRIS, declare as follows:

3

4    1.  I am over 18 years of age, the attorney-in-fact for the Plaintiff herein, and in all respects am competent to testify in this matter.

5    2.  I am acting in good faith pursuant to the authority given under the power of attorney previously executed by the plaintiff. The Plaintiff is alive and has not terminated, revoked,

6        limited, or modified the power of attorney or my authority to act under the power of attorney; nor has the power of attorney or my authority to act under the power of attorney

7        been terminated, revoked, limited, or modified by any other circumstances. When the

8        power of attorney was signed, the principal was competent to execute it and was not under undue influence to sign. All events necessary to making the power of attorney effective

9        have occurred.

10   3.  I have read the above *Complaint*, and I believe it to truly and accurately represents Plaintiff's claim and the associated facts.

11

12   Signed this ___3rd___ day of March, 2022 at Chehalis, Washington.

13

14

15

16   PATRICIA HARRIS, attorney-in-fact
     for Plaintiff

17

18

19

20

21

22

23

24

25

26

27

28

Complaint
Page | 28



# Buzzard O'Rourke, P.S.
## a t t o r n e y s   a t   l a w

| Service Address | Mailing Address | Contact Information |
|---|---|---|
| 314 Harrison Avenue | PO Box 59 | Ph: (360) 736-1108 |
| Centralia | Centralia | Fax: (360) 330-2078 |
| Washington | Washington | buzzardlaw.com |
| 98531 | 98531 | |